NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 23 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBERT W. SESSIONS,

        Plaintiff - Appellant,

 v.

COUNTY OF COLUMBIA, Columbia
County Counsel; VICTORIA WALTON,
Child Support Enforcement; LONDA
NELSON, Columbia County Employee,

        Defendants - Appellees,

and

DAWN M. HUNT, Columbia County Chief
Legal Counsel, BRIAN PIXLEY, Columbia
County Sheriff, ALAN HAEBE, Civil
Officer, TERRI ETTER, Document and
Evidence Columbia County Sheriff, JEAN
MARTWICK, Columbia County Family
Law Judge, DAVE PEABODY, Columbia
County Sheriff, RHONDA BOYD,
Columbia County Sherrif,

        Defendants.

No. 24-5284

D.C. No. 3:23-cv-01108-SI

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Michael H. Simon, District Judge, Presiding

Submitted February 18, 2026[**]

Before:      CALLAHAN, FRIEDLAND, and BRESS, Circuit Judges.

Robert W. Sessions appeals pro se from the district court's summary judgment in his action alleging violations of the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. §§ 2721-2725.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1259 (9th Cir. 2021).  We affirm.

The district court properly granted summary judgment because Sessions failed to raise a genuine dispute of material fact as to whether defendants disclosed his information for a purpose not permitted under the DPPA.  *See* 18 U.S.C. §§ 2724(a) (providing a civil cause of action against "[a] person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter"), 2721(b) (permitting disclosure of personal information for "use by any government agency, including any court or law enforcement agency, in carrying out its functions . . ."); *Benavidez v. County of San Diego*, 993 F.3d 1134, 1153–54 (9th Cir. 2021) (setting forth elements of a failure-to-train claim).

---

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court did not abuse its discretion in construing Sessions's "objections to magistrate orders" as motions for reconsideration and denying them, because the orders to which Sessions objected were not issued by a magistrate judge, and Sessions failed to establish grounds for reconsideration. *See* Fed. R. Civ. P. 72 (governing involvement of magistrate judges in civil matters); *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir.1993) (setting forth standard of review and grounds for reconsideration under Fed. R. Civ. P. 59(e) and 60(b)).

Because Sessions did not set forth "specific[] and distinct[]" arguments in his opening brief regarding how the district court purportedly erred with respect to any non-DPPA claims or its discovery rulings, we do not consider these issues. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (explaining that "we cannot manufacture arguments for an appellant and therefore we will not consider any claims that were not actually argued in appellant's opening brief," and emphasizing that "[a] bare assertion of an issue does not preserve a claim" (citation and internal quotation marks omitted)). We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**

3                                        24-5284